**RHONDA'S DECORS, INC., Appellant,**

v.

**MODERN CARPET INDUSTRIES, INC., Appellee.**

**No. 5321.**

Court of Civil Appeals of Texas, Waco.

March 28, 1974.

Rehearing Denied April 18, 1974.

Rosenberg, Kasmir & Willingham, Ben L. Krage, Dallas, for appellant.

Akin, Gump, Strauss, Hauer & Feld, Michael Lowenberg, Dallas, for appellee.

HALL, Justice.

The plaintiff-appellant is in the carpet business. In May, 1972, it successfully bid a carpet job for an apartment complex in Dallas. The general contractor was Van-Tex, Inc. Prior to bidding the job, plaintiff obtained a carpet quotation of $2.47 per yard from defendant-appellee. Plaintiff contracted with Van-Tex on this price. Plaintiff was unable to satisfy defendant sufficiently for a credit purchase, and an arrangement was made between plaintiff, defendant and Van-Tex for defendant to directly invoice Van-Tex. Whereupon, plaintiff and defendant made the following

agreement, embodied in a letter from defendant to plaintiff:

MODERN CARPET INDUSTRIES, INC.

Marietta, Georgia

June 26, 1972

Rhonda's Decors, Inc.
402 Forrest Crest Drive
Garland, Texas

Reference to Van-Tex Job. We have agreed to a price to Rhonda's Decors of $2.47 Net FOB Dallas.

We are invoicing Van-Tex at $3.47 Net FOB Dallas.

Modern Carpets is to rebate Rhonda's Decors $1.00 per yard.

Marvin Bland

Subsequently, under this arrangement, defendant invoiced Van-Tex for 11,426.56 yards of carpet. This amount was shipped by defendant to its warehouse in Dallas, expressly earmarked for the Van-Tex job. Defendant assigned the invoices to its financing Factor, Walter E. Heller & Company, and the Factor paid defendant in full for the carpet. After 4,729 yards of the carpet had been installed, a dispute arose as to its pattern and quality between defendant and Van-Tex, and Van-Tex canceled its contract. Delivery of carpet to Van-Tex by defendant stopped. Van-Tex paid defendant for 2,280 yards, but it has refused to make further payment. Under its financing agreement with Heller & Company, defendant repaid Heller the price of the carpet returned and refused by Van-Tex.

Plaintiff asserted in the trial court, as it does here, that the letter agreement with defendant requires defendant to pay plaintiff $1.00 for every yard of carpet actually sold to Van-Tex. Defendant contended in the trial court, as it does here, that the parties intended by the agreement that defendant should pay plaintiff $1.00 per yard of carpet actually paid for by Van-Tex.

Defendant has paid plaintiff $2,280 with the understanding between them that neither party would be prejudiced thereby.

Trial was to the court without a jury. Judgment was rendered that plaintiff take nothing. We affirm.

■ The court made findings that by the letter agreement, and particularly by the term "rebate" as used therein, the parties intended and understood that defendant was to pay plaintiff $1.00 for every yard of carpet actually paid for by Van-Tex. In its first point of error, plaintiff asserts, in effect, that the evidence is legally insufficient to support these findings. We overrule this assignment.

Plaintiff pleaded that its contract with defendant "was partly verbal and partly written." Their agreement was negotiated by Daryl Taylor, who was plaintiff's president, and Marvin Bland, defendant's representative. Taylor was asked on direct examination: "State again, please sir, what exactly your agreement was with Mr. Bland about payment." He answered, "Modern Carpet would bill Van-Tex for the carpet ordered and Van-Tex would pay the invoice and we would be paid our dollar." Bland testified that he and Taylor reached an accord that plaintiff would receive $1.00 per yard "rebate" from defendant for all carpet purchased by Van-Tex and paid for by Van-Tex; and that when the carpet was picked up and installed and paid for by Van-Tex, defendant would "then rebate the agreed rebate." He emphasized that they intended payment by Van-Tex as a predicate for payment to plaintiff.

■ The effect of plaintiff's remaining two complaints is that the payment of the invoices by Heller & Company established plaintiff's right to its commission as a matter of law. We overrule these contentions. There is evidence that Heller & Company financed defendant. We find no evidence that it was acting for Van-Tex.

The judgment is affirmed.